SEYFARTH SHAW LLP
Andrew M. McNaught (SBN 209093)
560 Mission Street
Suite 3100
San Francisco, California 94105-2930
Tel: (415) 397-2823
Fax: (415) 397-8549
amcnaught@seyfarth.com

Attorneys for Defendant
FIRST ADVANTAGE BACKGROUND
SERVICES CORP.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| DEMARCUS STEWART, individually, and on behalf of all other similarly situated consumers,<br><br>Plaintiff,<br><br>v.<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORP., and DOES 1-10, inclusive<br><br>Defendants. | Case No.<br><br>**DEFENDANT FIRST ADVANTAGE BACKGROUND SERVICES CORP.'S NOTICE OF REMOVAL**<br><br>(Santa Clara County Superior Court Case No. 22CV397050)<br><br>REMOVED FROM THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP. hereby removes the above-referenced action from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446. In support of this Notice of Removal, First Advantage states the following:

**BACKGROUND**

1. On April 19, 2022, Plaintiff filed his Complaint and Civil Case Cover Sheet in the Superior Court of the State of California, County of Santa Clara, in an action titled *Demarcus Stewart v. First Advantage Background Services Corp. and Does 1-10*, Case No. 22CV397050.  In his Complaint, Plaintiff alleges that First Advantage and Does 1-10 violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"); the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1 *et seq.* ("CCRAA"); the California Investigative Consumer Reporting Agencies Act, Cal. Civ. Code § 1786 *et seq.* ("ICRAA"); and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), by furnishing a background report to Plaintiff's prospective employer that included information on criminal convictions that had allegedly been expunged.

2. Plaintiff served the Summons and a copy of the Complaint on First Advantage on April 21, 2022.

3. The Summons and Complaint are attached as Exhibit A to the Declaration of Andrew M. McNaught ("McNaught Declaration.").

4. The Civil Case Cover Sheet is attached as Exhibit B to the McNaught Declaration.

5. The Civil Lawsuit Notice is attached as Exhibit C to the McNaught Declaration.

6. On April 20, 2022, the Superior Court issued an "Order Deeming Case Complex and Staying Discovery and Responsive Pleading Deadline."  A copy of that Order is attached as Exhibit D to the McNaught Declaration.

7. On April 26, 2022, Plaintiff filed a Proof of Service of Summons and a Proof of Service—Civil.  Copies of both documents are attached as Exhibit E to the McNaught Declaration.

8. Exhibits A through E constitute all pleadings, process, and orders filed in this action.

**TIMELINESS OF REMOVAL**

9. The Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it has been filed within thirty days of service of the Complaint upon First Advantage.  *See* 28 U.S.C. § 1446(b).

DEFENDANT FIRST ADVANTAGE BACKGROUND SERVICES CORP.'S
NOTICE OF REMOVAL

**FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION**

10. Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

11. Plaintiff asserts a claim under the FCRA. (Compl. ¶¶ 57-62.) Thus, his lawsuit arises under the laws of the United States within the meaning of 28 U.S.C. § 1331, and this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

12. In addition to his FCRA claim, Plaintiff brings state law claims under the CCRAA, ICRAA, and UCL. Pursuant to 28 U.S.C. § 1367(a), these claims fall within the Court's supplemental jurisdiction because they relate to the alleged acts or conduct which "form part of the same case or controversy," as set forth in Article III of the U.S. Constitution. 28 U.S.C. § 1367(a). All of the conduct upon which Plaintiff bases both his federal and state law claims arises out of information that First Advantage allegedly included in Plaintiff's background report. Accordingly, the Court has supplemental jurisdiction over Plaintiff's state law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966) (nucleus of operative facts common to state law claims and federal claims required); *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 771 (9th Cir. 1986) ("[t]o conserve judicial resources, it was appropriate for the district court to decide" the state law claims).

**DIVERSITY JURISDICTION**

13. This action is also removable under 28 U.S.C. § 1441 because it is a civil action over which the Court has diversity jurisdiction under 28 U.S.C. § 1332(a). The requirements of 28 U.S.C. § 1332(a) have been met because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

14. Upon information and belief, and according to the allegations in the Complaint, Plaintiff is a citizen of the State of California. (Compl. ¶ 8.)

15. For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nev., N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. § 1332(c)(1)).

16.     First Advantage is incorporated in Florida and has its principal place of business in Atlanta, Georgia.  Attached as Exhibit F to the McNaught Declaration is a copy of the Statement of Information filed by First Advantage in the office of the Secretary of State of the State of California on May 10, 2021, listing First Advantage's state of incorporation and principal place of business.

17.     While First Advantage denies any liability as to Plaintiff's claims and further denies that this lawsuit is appropriately brought as a class action, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000.  *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-04 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal citation omitted).  As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that court may consider facts presented in removal petition).  In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that claims for statutory attorneys' fees are included in amount in controversy, regardless of whether such award is discretionary or mandatory); *see also Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).

18.     For Plaintiff's first cause of action under the FCRA, Plaintiff seeks actual or statutory damages, punitive damages, attorneys' fees, and costs.  (Compl. ¶ 62 & Prayer for Relief.); *see also* 15 U.S.C. § 1681o (permitting recovery of actual damages for negligent noncompliance); 15 U.S.C. § 1681n (for willful violations, permitting recovery of actual damages or statutory damages not less than $100 and not more than $1,000; punitive damages; and attorneys' fees and costs).

19.     For Plaintiff's second cause of action under the CCRAA, Plaintiff seeks actual damages, punitive damages, injunctive relief, attorneys' fees, and costs.  (Compl. ¶¶ 63-67 & Prayer for Relief.); *see also* Cal. Civ. Code § 1785.31 (permitting recovery of actual damages, including loss of wages, pain and suffering, court costs, and attorneys' fees, as well as punitive damages up to $5,000 for each violation).

20. For Plaintiff's third, fourth, and fifth causes of action under the ICRAA, Plaintiff seeks actual damages, punitive damages, attorneys' fees, and costs. (Compl. ¶¶ 68-76 & Prayer for Relief.); *see also* Cal. Civ. Code § 1786.50 (permitting recovery of actual damages, statutory damages of $10,000 per violation, punitive damages, and attorneys' fees).

21. For Plaintiff's sixth cause of action under the UCL, Plaintiff seeks injunctive relief, restitution, attorneys' fees, and costs. (Compl. ¶ 83 & Prayer for Relief.); *see also* Cal. Bus. & Prof. Code § 17203 (permitting injunctive relief and restitution).

22. Based on these allegations, Plaintiff's alleged actual damages, statutory damages, punitive damages, attorneys' fees, and costs for the six causes of action asserted in the Complaint are likely to exceed $75,000.

23. In cases involving similar claims, jury awards for non-economic and punitive damages often exceed $100,000 in the aggregate. *See, e.g.*, *Cortez v. Trans Union, LLC*, 617 F.3d 688, 724 (3d Cir. 2010) (affirming $50,000 non-economic damages award and $100,000 punitive damages award for violations, including inaccurate reporting, of FCRA); *Saunders v. BB&T Co. of Va.*, 526 F.3d 142, 154 (4th Cir. 2008) (affirming $1,000 statutory damages award and $80,000 punitive damages award for FCRA violations involving inaccurate reporting); *Bach v. First Union Nat'l Bank*, 149 F. App'x 354, 359 (6th Cir. 2005) (affirming $400,000 award for "emotional pain and suffering, humiliation, lost credit opportunities and damage to her reputation for creditworthiness" for FCRA violations including inaccurate reporting); *Kim v. BMW Fin. Servs. N.A. L.L.C.*, 142 F. Supp. 3d 935, 940 (C.D. Cal. 2015), *aff'd* 702 F. App'x 561 (9th Cir. 2017) (affirming award of $250,000 in non-economic damages for plaintiff's reputational injuries resulting from defendant's FCRA violation); *Brim v. Midland Credit Mgmt., Inc.*, 795 F. Supp. 2d 1255, 1262 (N.D. Ala. 2011) (affirming $100,000 non-economic damages award and $623,180 punitive damages award for FCRA violation).

24. The attorneys' fees and costs alone often exceed $100,000 in cases involving similar claims brought under federal and state laws. *See, e.g.*, *Kim*, 2015 WL 12734013, at *11 (C.D. Cal. Nov. 12, 2015) (awarding plaintiff $280,934.90 in attorneys' fees following a favorable verdict on his FCRA and California state-law claims); *Valentine v. Equifax Info. Servs., LLC,* No. 3:05-cv-00801-JO (D. Or.

5
DEFENDANT FIRST ADVANTAGE BACKGROUND SERVICES CORP.'S
NOTICE OF REMOVAL

Feb. 25, 2008) (awarding plaintiff $117,096.80 in attorneys' fees based on defendant's FCRA violations); *Kirkpatrick v. Equifax Info. Servs., LLC*, No. 3:03-CV-00199-MO, 2005 WL 1231485 (D. Or. Jan, 25, 2005) (awarding plaintiff $195,000 in attorneys' fees and $14,481.12 in costs based on defendant's FCRA violations); *Fisher v. Wells Fargo Home Mortg.,* 23 Nat. J.V.R.A. 8:21, No. RCV074822, 2007 WL 7952170 (San Bernardino Cal. Super. Ct. May 16, 2007) (jury verdict awarding plaintiff $1,048,594.45 for violations of the FCRA and CCRAA, including $765,000 in punitive damages and $283,594.45 in fees in costs).

25. Because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(b).[1]

**VENUE**

26. Because this action originally was brought in the Superior Court of the State of California, County of Santa Clara, the action is properly removed to the Northern District of California pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

**INTRADISTRICT ASSIGNMENT**

27. Assignment to the San Jose Division of this Court is proper under Local Rule 3-2 because Plaintiff filed her Complaint in the Superior Court of the State of California, County of Santa Clara.

**CONSENT**

28. No consent is necessary from the other Defendants, Does 1-10, because they are not named in the Complaint and have not been served.

**NOTICE OF REMOVAL**

29. Notice of this Notice of Removal will promptly be served on Plaintiff and the Clerk of the Superior Court of the State of California, County of Santa Clara.

---

[1] Pursuant to 28 U.S.C. § 1441(b), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (holding that unnamed defendants are not required to join in a removal petition).

30. This Notice of Removal will be served on counsel for Plaintiff. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

**PRAYER**

WHEREFORE, First Advantage prays that this civil action be removed from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California.

DATED: May 20, 2022                    Respectfully submitted,

                                       SEYFARTH SHAW LLP


                                       By:  */s/ Andrew M. McNaught*

                                           Andrew M. McNaught

                                           Attorneys for Defendant
                                           FIRST ADVANTAGE BACKGROUND
                                           SERVICES CORP.

83679962v.1