| | |
|---|---|
| SEYFARTH SHAW LLP<br>Andrew M. McNaught (SBN 209093)<br>560 Mission Street<br>Suite 3100<br>San Francisco, California 94105-2930<br>Telephone: (415) 397-2823<br>Facsimile:  (415) 397-8549<br>amcnaught@seyfarth.com<br><br>Frederick T. Smith (admitted *pro hac vice*)<br>Esther Slater McDonald (admitted *pro hac vice*)<br>1075 Peachtree Street N.E., Suite 2500<br>Atlanta, Georgia 30309-3958<br>Telephone: (404) 885-1500<br>Facsimile:  (404) 892-7056<br>fsmith@seyfarth.com<br>emcdonald@seyfarth.com<br><br>Attorneys for Defendant<br>FIRST ADVANTAGE BACKGROUND<br>SERVICES CORP. | FRANCIS MAILMAN SOUMILAS, P.C.<br>Erika Angelos Heath<br>369 Pine Street, Suite 410<br>San Francisco, California 94104<br>Telephone: (628) 246-1352<br>Facsimile:  (215) 940-8000<br>eheath@consumerlawfirm.com<br><br>John Soumilas<br>1600 Market Street<br>Suite 2510<br>Philadelphia, Pennsylvania 19103<br>Telephone: (215) 735-8600<br>Facsimile:  (215) 940-8000<br>jsoumilas@consumerlawfirm.com<br><br>Attorneys for Plaintiff<br>DEMARCUS STEWART |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| DEMARCUS STEWART, individually, and on behalf of all other similarly situated consumers,<br><br>Plaintiff,<br><br>v.<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORP.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:22-cv-02998-VKD<br>ORDER RE<br>**JOINT STIPULATION ON DISCOVERY**<br><br>Complaint Filed:  April 19, 2022<br>Trial Date:        None Set<br><br>Re:  Dkt. No. 26 |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff DEMARCUS STEWART and Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP., by their attorneys and pursuant to the Court's direction at the Initial Case Management Conference, stipulate as follows:

WHEREAS, on April 19, 2022, Plaintiff filed his Class Action Complaint against First Advantage in the Superior Court of the State of California, County of Santa Clara;

WHEREAS, First Advantage timely filed its Notice of Removal to the United States District Court for the Northern District of California on May 20, 2022 (ECF No. 1) and filed its Answer and Affirmative Defenses to Plaintiff's Class Action Complaint on June 27, 2022 (ECF No. 11);

WHEREAS, on August 30, 2022, the parties filed their Joint Case Management Statement, proposing a limited bifurcation of discovery; and

WHEREAS, on September 6, 2022, during the Initial Case Management Conference, the Court stated that it would enter an order bifurcating discovery if the parties submitted a stipulation to bifurcate discovery and a proposed order for the Court;

**THEREFORE**, the parties hereby stipulate that discovery shall be bifurcated as follows and as set forth in the [Proposed] Order filed herewith and respectfully request that the Court enter the [Proposed] Order:

1. The first stage of discovery will be limited to the issues of class certification and the merits of Plaintiff's individual claims (liability and damages) and, per the Case Management Scheduling Order (ECF No. 25), the deadline to complete the first stage of discovery is March 29, 2024. The second stage of discovery will address the merits of the class claims (liability and damages). If the Court certifies a class, the parties will confer regarding the scope and timing of the second stage of discovery.

2. Plaintiff shall not take discovery on individual consumers (other than Plaintiff) unless and until a class is certified, provided that this limitation shall not prevent Plaintiff from seeking anonymized data about putative class members under Rule 23(b)(3) in accordance with Rule 26(b) of the Federal Rules of Civil Procedure. In other words, Plaintiff may seek data regarding putative class members to establish his claim to class certification to the extent such discovery complies with Rule 26(b), but Plaintiff may not obtain the putative class members' personal identifying information in the first stage of discovery. First Advantage may anonymize the putative class members' personal identifying information, for example, by replacing Social Security numbers with a unique, randomized number for discovery purposes.

3. There may be some overlap in the stages, and the parties shall meet and confer in good faith to resolve any disputes arising from overlap in the stages of discovery.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Esther Slater McDonald*
    Andrew M. McNaught
    Frederick T. Smith*
    Esther Slater McDonald*

    Attorneys for Defendant
    FIRST ADVANTAGE BACKGROUND SERVICES CORP.

    **admitted pro hac vice*


By: */s/ Erika Angelos Heath*
    Erika Angelos Heath
    John Soumilas

    Attorneys for Plaintiff
    DEMARCUS STEWART

Date: January 17, 2023

**[PROPOSED] ORDER**

Good cause appearing, as set forth in the above stipulation, the parties agree that discovery shall be bifurcated as follows:

1. The first stage of discovery will be limited to the issues of class certification and the merits of Plaintiff's individual claims (liability and damages) and, per the Case Management Scheduling Order (ECF No. 25), the deadline to complete the first stage of discovery is March 29, 2024. The second stage of discovery will address the merits of the class claims (liability and damages). If the Court certifies a class, the parties will confer regarding the scope and timing of the second stage of discovery.

2. Plaintiff shall not take discovery on individual consumers (other than Plaintiff) unless and until a class is certified, provided that this limitation shall not prevent Plaintiff from seeking anonymized data about putative class members under Rule 23(b)(3) in accordance with Rule 26(b) of the Federal Rules of Civil Procedure. In other words, Plaintiff may seek data regarding putative class members to establish his claim to class certification to the extent such discovery complies with Rule 26(b), but Plaintiff may not obtain the putative class members' personal identifying information in the first stage of discovery. First Advantage may anonymize the putative class members' personal identifying information, for example, by replacing Social Security numbers with a unique, randomized number for discovery purposes.

3. There may be some overlap in the stages, and the parties shall meet and confer in good faith to resolve any disputes arising from overlap in the stages of discovery.

.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Date: _____January 18_____, 2023

*Virginia K. DeMarchi*
HON. VIRGINIA K. DEMARCHI
United States Magistrate Judge