1

SEYFARTH SHAW LLP
Andrew M. McNaught (SBN 209093)

2

560 Mission Street
Suite 3100

3

San Francisco, California 94105-2930
Telephone: (415) 397-2823

4

Facsimile: (415) 397-8549
amcnaught@seyfarth.com

5

6

Frederick T. Smith (admitted *pro hac vice*)
Esther Slater McDonald (admitted *pro hac vice*)

7

1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia 30309-3958

8

Telephone: (404) 885-1500
Facsimile: (404) 892-7056

9

fsmith@seyfarth.com
emcdonald@seyfarth.com

10

11

Attorneys for Defendant
FIRST ADVANTAGE BACKGROUND
SERVICES CORP.

12

13

UNITED STATES DISTRICT COURT

14

NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

15

16

DEMARCUS STEWART, individually, and on
behalf of all other similarly situated consumers,

Case No. 5:22-cv-02998-VKD

17

Plaintiff,

**DEFENDANT FIRST ADVANTAGE
BACKGROUND SERVICES CORP.'S
AMENDED ANSWER AND
AFFIRMATIVE DEFENSES TO
PLAINTIFF'S CLASS ACTION
COMPLAINT**

18

v.

19

FIRST ADVANTAGE BACKGROUND
SERVICES CORP.; and DOES 1 through 10,
inclusive,

20

21

Defendants.

Complaint Filed:  April 19, 2022
Trial Date:       None Set

22

23

Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP., by its attorneys and

24

pursuant to Rules 8, 12, and 15 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Class

25

Action Complaint and asserts its affirmative defenses as follows:

26

27

28

# PRELIMINARY STATEMENT

**COMPLAINT ¶1:**

This is a consumer class action against First Advantage Background Services Corporation (hereafter "First Advantage" or "Defendant") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq., as amended,* the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785 *et seq.* ("CCRAA"), and the Investigative Consumer Reporting Agency Act, Cal. Civ. Code § 1786 *et seq.* ("ICRAA"). First Advantage deprives consumers of their rights under the FCRA, CCRAA and ICRAA by refusing to adopt procedures to assure the maximum possible accuracy of the criminal background records it prepares and sells about individual consumers, resulting in inaccurate consumer reports that it then sells to third parties.

**ANSWER:**

First Advantage admits that Plaintiff purports to bring this action against First Advantage under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785 *et seq.* ("CCRAA"), and the Investigative Consumer Reporting Agencies Act, Cal. Civ. Code § 1786 *et seq.* ("ICRAA").  First Advantage denies that it violated the FCRA, the CCRAA, the ICRAA, or any other law, and further denies that Plaintiff and all other individuals whom Plaintiff purports to represent are entitled to any relief whatsoever.  First Advantage denies the remaining allegations in Paragraph No. 1 of the Class Action Complaint.

**COMPLAINT ¶2:**

Specifically, First Advantage fails to search for and include expungement information when it prepares and sells criminal background records to third parties. These records attribute criminal histories to individual consumers without using all publicly available information, including expungement records.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 2 of the Class Action Complaint.

**COMPLAINT ¶3:**

To the extent Defendant asserts that it is not a consumer reporting agency within the meaning of the FCRA, CCRAA, or ICRAA Plaintiff asserts in the alternative that First Advantage's practices as

described herein are unlawful, unfair, or fraudulent business practices under the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL").

**ANSWER:**

First Advantage admits that Plaintiff purports to assert an alternative claim against First Advantage under the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"). First Advantage denies that it violated the UCL or any other law, and further denies that Plaintiff and all other individuals whom Plaintiff purports to represent are entitled to any relief whatsoever. First Advantage denies the remaining allegations in Paragraph No. 3 of the Class Action Complaint.

**COMPLAINT ¶4:**

Defendant's practices harm consumers by prejudicing their prospective employers with inaccurate, adverse information stating that the individual has a criminal record that has in fact been expunged.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 4 of the Class Action Complaint.

**JURISDICTION AND VENUE**

**COMPLAINT ¶5:**

The California Superior Court has jurisdiction over this action pursuant to California Constitution Article VI, § 10, which grants the Superior Court "original jurisdiction in all cases except those given by statute to other trial courts." This case does not include any statutory claims that would grant exclusive jurisdiction to any other trial court in California.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 5 of the Class Action Complaint.

**COMPLAINT ¶6:**

This Court has jurisdiction over the Defendant named herein because, based on information and belief, the Defendant is a corporation or association authorized to do business in California and registered with the California Secretary of State, or does sufficient business, has sufficient minimum contacts in California, is a citizen of California, or otherwise intentionally avails itself of the California

market through the promotion, sale, marketing and/or distribution of goods and services in California thereby having such other contacts with California so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

**ANSWER:**

First Advantage admits that it is authorized and registered to do business in California.  First Advantage also admits that it is subject to personal jurisdiction in this Court for the individual claims asserted by Plaintiff.    First Advantage denies the remaining allegations in Paragraph No. 6 of the Class Action Complaint.

**COMPLAINT ¶7:**

Venue is proper in the Santa Clara County Superior Court pursuant to California Code of Civil Procedure section 395.5 because Defendant First Advantage is a business located in Santa Clara County, and the obligation or liability arises in the County of Santa Clara and/or the breach occurred in the County of Santa Clara.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 7 of the Class Action Complaint.

**PARTIES**

**COMPLAINT ¶8:**

Plaintiff Damarcus Stewart is an adult individual who resides in Santa Clara County, California.

**ANSWER:**

Upon information and belief, First Advantage admits the allegations in Paragraph No. 8 of the Class Action Complaint.

**COMPLAINT ¶9:**

Defendant First Advantage is a consumer reporting agency that provides background and employment screening services, risk-management products and services, information management products and services, and decisions-making intelligence products and services. First Advantage regularly conducts business in California and has a principal place of business located at 1 Concourse Pkwy, Ste. 200, Atlanta, GA 30328.

**ANSWER:**

First Advantage admits that it provides background screening services and that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only. First Advantage also admits that it operates a principal place of business at 1 Concourse Parkway NE, Suite 200, Atlanta, Georgia 30328.  First Advantage denies the remaining allegations in Paragraph No. 9 of the Class Action Complaint.

**COMPLAINT ¶10:**

First Advantage is a consumer reporting agency within the meaning of 15 U.S.C § 1681a(f) and a consumer credit reporting agency within the meaning of Cal. Civ. Code § 1785.3(d) because it regularly and in the ordinary course of business assembles consumer information for the purpose of furnishing consumer reports to third parties in exchange for a fee.

**ANSWER:**

First Advantage admits that some of its business activities make it a "consumer reporting agency" under the FCRA and a "consumer credit reporting agency" under the CCRAA as to those activities only.  First Advantage denies the remaining allegations in Paragraph No. 10 of the Class Action Complaint.

**COMPLAINT ¶11:**

First Advantage is an investigative consumer reporting agency within the meaning of 15 U.S.C. § 1786.2(d) because it regularly and in the ordinary course of business assembles consumer information for the purpose of furnishing investigative consumer reports to third parties in exchange for a fee.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 11 of the Class Action Complaint.

**COMPLAINT ¶12:**

The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of Defendants, DOES 1 through 10, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this Complaint accordingly. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated herein as a DOE is responsible, negligently or in

some other actionable manner, for the events and happenings hereinafter referred to, and caused damages thereby to Plaintiff, as hereinafter alleged.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 12 of the Class Action Complaint.

**COMPLAINT ¶13:**

At all times mentioned herein, each of the Defendants was the agent, servant, employee and/or joint venturer of his Co-Defendants, and each of them acted in the full course and scope of said agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 13 of the Class Action Complaint.

**COMPLAINT ¶14:**

Plaintiff is informed and believes, and thereon alleges that at all times mentioned herein, Defendants, DOES 1-10, inclusive, were and are individuals, corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that each said Defendant, has regularly conducted business in the County of Santa Clara.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 14 of the Class Action Complaint.

## FACTUAL ALLEGATIONS

**A.    THE INCLUSION OF CRIMINAL RECORD INFORMATION ON CONSUMER REPORTS IS REGULATED BY LAW**

**COMPLAINT ¶15:**

The FCRA, CCRAA and ICRAA were enacted to "insure that consumer reporting agencies exercise their grave responsibility with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4), Cal. Civ. Code §§ 1785.1(c), 1786(b).

1

**ANSWER:**

2

First Advantage admits that the FCRA contains the language quoted in Paragraph No. 15 of the

3

Class Action Complaint.  First Advantage denies the remaining allegations in Paragraph No. 15 of the

4

Class Action Complaint.

5

**COMPLAINT ¶16:**

6

These laws require that CRAs do so by operating "in a manner which is fair and equitable to the

7

consumer, with regard to the confidentiality, accuracy, [and] relevancy" of the consumer information

8

they disseminate. 15 U.S.C. § 1681(b), Cal. Civ. Code §§ 1785.1(d), 1786(f).

9

**ANSWER:**

10

First Advantage admits that the FCRA, the CCRAA, and the ICRAA contain the language

11

quoted in Paragraph No. 16 of the Class Action Complaint.  First Advantage denies the remaining

12

allegations in Paragraph No. 16 of the Class Action Complaint.

13

**COMPLAINT ¶17:**

14

The FCRA is intended "to protect consumers from the transmission of inaccurate information

15

about them, and to establish credit reporting practices that utilize accurate, relevant, and current

16

information in a confidential and responsible manner." *Cortez v. Trans Union, LLC,* 617 F.3d 688, 706

17

(3d Cir. 2010).

18

**ANSWER:**

19

First Advantage admits that the case cited contains the language quoted in Paragraph No. 17 of

20

the Class Action Complaint.  First Advantage denies the remaining allegations in Paragraph No. 17 of

21

the Class Action Complaint.

22

**COMPLAINT ¶18:**

23

Consequently, the CCRAA and ICRAA "were modeled after the FCRA and were intended to

24

serve complementary ... goals." *Connor v. First Student, Inc.,* 5 Cal. 5th 1026, 1032 (2018).

25

**ANSWER:**

26

First Advantage denies the allegations in Paragraph No. 18 of the Class Action Complaint.

27

28

DEFENDANT FIRST ADVANTAGE BACKGROUND SERVICES CORP.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

1

**COMPLAINT ¶19:**

2

Under the FCRA, CCRAA, and ICRAA "consumer reports" and/or "investigative consumer

3

reports" subject to the statutes' protections include not simply those used in establishing the consumer's

4

eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B), Cal.

5

Civ. Code §§ 1785.3(c)(2), 1786.2(b).

6

**ANSWER:**

7

First Advantage denies the allegations in Paragraph No. 19 of the Class Action Complaint.

8

**COMPLAINT ¶20:**

9

The causes of action herein pertain to Plaintiffs "consumer report", "consumer credit report",

10

and/or "investigative consumer report" as those terms are defined by 15 U.S.C. § 1681a(d) and Cal. Civ.

11

Code §§ 1785.3(c) and 1786.2(c), in that inaccurate representations of Plaintiffs criminal background

12

were made via written, oral, or other communication of information by a consumer credit reporting

13

agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of

14

serving as a factor in establishing Plaintiffs eligibility for, among other things, credit to be used

15

primarily for personal, family, household and employment purposes.

16

**ANSWER:**

17

First Advantage denies the allegations in Paragraph No. 20 of the Class Action Complaint.

18

**B.    DEFENDANT'S COMPILATION AND SALE OF CRIMINAL BACKGROUND**

19

**RECORDS**

20

**COMPLAINT ¶21:**

21

Defendant is a prominent consumer reporting agency that operates throughout the United States.

22

**ANSWER:**

23

First Advantage admits that some of its business activities make it a "consumer reporting

24

agency" under the FCRA as to those activities only.  First Advantage denies the remaining allegations in

25

Paragraph No. 21 of the Class Action Complaint.

26

27

28

**COMPLAINT ¶22:**

Defendant advertises itself as "[a] leader among background screening providers," and claims to "offer solutions to help [customers] uncover relevant criminal records, sex offenses, and professional or financial sanctions quickly with background checks for employment."

**ANSWER:**

First Advantage admits the allegations in Paragraph No. 22 of the Complaint.

**COMPLAINT ¶23:**

Defendant holds itself out as "a leading background check provider," and claims to have "one of the highest verification rates in the industry."

**ANSWER:**

First Advantage admits the allegations in Paragraph No. 23 of the Complaint.

**COMPLAINT ¶24:**

Defendant First Advantage is regulated by the FCRA and CCRAA.

**ANSWER:**

First Advantage admits that some of its business activities are regulated by the FCRA and the CCRAA. First Advantage denies the remaining allegations in Paragraph No. 24 of the Class Action Complaint.

**COMPLAINT ¶25:**

The data and reports First Advantage sells are used and expected to be used for multiple purposes governed by 15 U.S.C. § 1681b and the public records data included in each report bears on the criminal background, credit history, credit worthiness, reputation, personal characteristics, and mode of living of each respective consumer.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 25 of the Class Action Complaint.

**COMPLAINT ¶26:**

Such reports are "consumer reports" within the meaning of the FCRA and "consumer credit reports" within the meaning of the CCRAA.

1  **ANSWER:**

2      First Advantage denies the allegations in Paragraph No. 26 of the Class Action Complaint.

3  **COMPLAINT ¶27:**

4      Upon information and belief, First Advantage's algorithm compares publicly available

5  information about criminal court filings with the personal identification information of individuals

6  provided by its customers.

7  **ANSWER:**

8      First Advantage denies the allegations in Paragraph No. 27 of the Class Action Complaint.

9  **COMPLAINT ¶28:**

10     First Advantage fails to follow reasonable procedures to assure the maximum possible accuracy

11 of the criminal background information it sells about consumers, regularly selling consumer reports that

12 negligently or willfully fail to include expungement records.

13 **ANSWER:**

14     First Advantage denies the allegations in Paragraph No. 28 of the Class Action Complaint.

15 **COMPLAINT ¶29:**

16     By failing to consider or include expungement records, First Advantage fails to use all the

17 available information about consumers to determine whether the criminal background information they

18 provided is complete and accurate.

19 **ANSWER:**

20     First Advantage denies the allegations in Paragraph No. 29 of the Class Action Complaint.

21 **COMPLAINT ¶30:**

22     First Advantage does this due to the added cost and difficulty of searching for and providing

23 expungement records in spite of the fact that such records are essential to understanding a consumer's

24 criminal background.

25 **ANSWER:**

26     First Advantage denies the allegations in Paragraph No. 30 of the Class Action Complaint.

27

28

**COMPLAINT ¶31:**

First Advantage thus intentionally employs procedures that maximize the likelihood that a consumer's criminal background record will be incomplete and thus inaccurate.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 31 of the Class Action Complaint.

**COMPLAINT ¶32:**

That expungement information is left out maximizes the harm to the consumer as such information is categorically positive.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 32 of the Class Action Complaint.

**COMPLAINT ¶33:**

Defendant's reporting of criminal background information is not accidental but is instead the result of deliberately designed policies and procedures.

**ANSWER:**

First Advantage admits that it has policies and procedures in place regarding reporting criminal records information.  First Advantage denies the remaining allegations in Paragraph No. 33 of the Class Action Complaint.

**COMPLAINT ¶34:**

At all times relevant herein Defendant's conduct, as well as that of its agents, servants, and/or employees who were acting within the course and scope of their agency or employment and under the direct supervision of and control of Defendant, was intentional, willful, reckless, and in grossly negligent disregard for the rights of consumers, including Plaintiff.

**ANSWER:**

 First Advantage denies the allegations in Paragraph No. 34 of the Class Action Complaint.

**C.    NAMED PLAINTIFF STEWART'S EXPERIENCE**

**COMPLAINT ¶35:**

Defendant reported derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's background to third parties (hereafter the "inaccurate information").

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 35 of the Class Action Complaint.

**COMPLAINT ¶36:**

On or around August 2, 2021, Defendant prepared and disseminated a consumer background report about Plaintiff that included incomplete and inaccurate criminal background information (hereafter the "criminal record").

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 36 of the Class Action Complaint.

**COMPLAINT ¶37:**

In that report, Defendant claimed that Plaintiff was convicted of a misdemeanor in September of 2015 and a separate misdemeanor in October of 2016.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 37 of the Class Action Complaint.

**COMPLAINT ¶38:**

In fact, both criminal records had been expunged by court order on March 26, 2021.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 38 of the Class Action Complaint.

**COMPLAINT ¶39:**

On or around August 4, 2021, Defendant prepared and disseminated a revised consumer background report (hereafter the "revised criminal record") about Plaintiff that was similarly incomplete and inaccurate as it also omitted expungement information.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 39 of the Class Action Complaint.

**COMPLAINT ¶40:**

Through January of 2022, Defendant has never obtained updated information on the criminal record or revised criminal record reflecting that his actions had, in fact, been expunged (hereafter "the inaccurate information").

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 40 of the Class Action Complaint.

**COMPLAINT ¶41:**

The inaccurate information negatively reflects upon the Plaintiff and misidentified Plaintiff as a person who has a certain criminal record. Defendant, as a result of its unreasonable procedures, erroneously produced multiple consumer reports that identify Plaintiff as having a criminal record, which had in reality been expunged.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 41 of the Class Action Complaint.

**COMPLAINT ¶42:**

Defendant reported the inaccurate information through the issuance of incomplete and inaccurate background information and consumer reports that it has disseminated to various persons and prospective employers, both known and unknown.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 42 of the Class Action Complaint.

**COMPLAINT ¶43:**

Plaintiff has applied for and been denied employment opportunities, including but not limited to, employment opportunities with DHL International Shipping, Inc. in July 2021. Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's consumer reports with Defendant and that the inaccurate information was a substantial factor for those denials.

**ANSWER:**

First Advantage denies that it reported inaccurate information concerning Plaintiff in a consumer report on Plaintiff. First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 43 of the Class Action Complaint.

1

**COMPLAINT ¶44:**

2

Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of

3

the information it reported about Plaintiff. Had Defendant followed such procedures it would not have

4

reported a criminal record that was expunged on Plaintiff's consumer report.

5

**ANSWER:**

6

First Advantage denies the allegations in Paragraph No. 44 of the Class Action Complaint.

7

**COMPLAINT ¶45:**

8

As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost

9

employment opportunities, harm to his reputation, and emotional distress, including anxiety, frustration,

10

humiliation, and embarrassment.

11

**ANSWER:**

12

First Advantage denies the allegations in Paragraph No. 45 of the Class Action Complaint.

13

**COMPLAINT ¶46:**

14

At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or

15

employees who were acting within the course and scope of their agency or employment, and under the

16

direct supervision and control of the Defendant herein.

17

**ANSWER:**

18

First Advantage denies the allegations in Paragraph No. 46 of the Class Action Complaint.

19

**COMPLAINT ¶47:**

20

At all times pertinent hereto, Defendant's conduct, as well as that of its agents, servants and/or

21

employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the

22

rights of the Plaintiff herein.

23

**ANSWER:**

24

First Advantage denies the allegations in Paragraph No. 47 of the Class Action Complaint.

25

**CLASS ACTION ALLEGATIONS**

26

**COMPLAINT ¶48:**

27

Plaintiff brings this action on behalf of the following Class:

28

**Nationwide Class:** All natural persons residing in the United States and its Territories about whom First Advantage furnished a consumer report to a third party that included any criminal record that had been expunged or sealed at least 30 days before the report's preparation according to court records, during the period beginning five (5) years prior to the filing of the Complaint and continuing through the date of resolution.

**Nationwide Disputes Subclass:** All natural persons residing in the United States and its Territories about whom First Advantage furnished a consumer report to a third party that included any criminal record that had been expunged or sealed at least 30 days before the report's preparation according to dispute processing records maintained by Defendant, during the period beginning two (2) years prior to the filing of the Complaint and continuing through the date of resolution.

**California Subclass:** All natural persons residing in the State of California about whom First Advantage furnished a consumer report to a third party that included any criminal record that had been expunged or sealed at least 30 days before the report's preparation according to court records, during the period beginning five (5) years prior to the filing of the Complaint and continuing through the date of the resolution of this case.

**California Disputes Subclass:** All natural persons residing in the State of California about whom First Advantage furnished a consumer report to a third party that included any criminal record that had been expunged or sealed at least 30 days before the report's preparation according to dispute processing records maintained by Defendant, during the period beginning two (2) years prior to the filing of the Complaint and continuing through the date of the resolution of this case.

**ANSWER:**

First Advantage admits that Plaintiff purports to bring individual and class claims in this action. First Advantage denies the remaining allegations in Paragraph No. 48 of the Class Action Complaint.

**COMPLAINT ¶49:**

Plaintiff reserves the right to amend the Class definitions based on discovery or legal developments.

**ANSWER:**

First Advantage admits that Plaintiff purports to reserve the right to amend the putative class definitions. First Advantage denies the remaining allegations in Paragraph No. 49 of the Class Action Complaint.

**COMPLAINT ¶50:**

A class action is an appropriate way to adjudicate this matter because the questions are of a common or general interest, of many persons, and/or the parties are so numerous that it is impractical to bring them all before the court.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 50 of the Class Action Complaint.

**COMPLAINT ¶51:**

Plaintiff seeks monetary and injunctive/declaratory relief for the above Classes.

**ANSWER:**

First Advantage admits that Plaintiff seeks monetary and injunctive/ declaratory relief.  First Advantage denies that Plaintiff and all other individuals whom Plaintiff purports to represent are entitled to any relief whatsoever.  First Advantage denies the remaining allegations in Paragraph No. 51 of the Class Action Complaint.

**COMPLAINT ¶52:**

**Numerosity.** The members of the Class are so numerous that joinder of all is impracticable. Upon information and belief, the number of consumers harmed by Defendant's practices are more numerous than what could be addressed by joinder, and those persons' names and addresses are identifiable through documents or other information maintained by Defendant.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 52 of the Class Action Complaint.

**COMPLAINT ¶53:**

**Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all members of the Class, and predominate over the questions affecting only individuals. The common legal and factual questions include, among others: (1) whether First Advantage maintains reasonable procedures to assure maximum possible accuracy of criminal background information on its consumer reports; and (2) whether First Advantage acted willfully or negligently.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 53 of the Class Action Complaint.

**COMPLAINT ¶54:**

**Typicality.** Plaintiff's claims are typical of each Class Member. Plaintiff has the same claims for relief that he seeks for absent Class Members.

1 **ANSWER:**

2      First Advantage denies the allegations in Paragraph No. 54 of the Class Action Complaint.

3 **COMPLAINT ¶55:**

4      **Adequacy.** Plaintiff is an adequate representative of the Class because his interests are aligned

5 with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has

6 retained counsel competent and experienced in such litigation, and he intends to prosecute this action

7 vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

8 **ANSWER:**

9      First Advantage admits that Plaintiff has retained competent and experienced counsel.  First

10 Advantage denies the remaining allegations in Paragraph No. 55 of the Class Action Complaint.

11 **COMPLAINT ¶56:**

12      **Predominance and Superiority.** Questions of law and fact common to the Class members

13 predominate over questions affecting only individual members, and a class action is superior to other

14 available methods for fair and efficient adjudication of the controversy. The damages sought by each

15 member are such that individual prosecution would prove burdensome and expensive given the complex

16 and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the

17 members of the Class to individually redress effectively the wrongs done to them. Even if the members

18 of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the

19 courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory

20 judgments and increases the delay and expense to all parties and to the court system presented by the

21 complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will

22 result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous

23 individual claims based upon a single set of proofs in a unified proceeding.

24 **ANSWER:**

25      First Advantage denies the allegations in Paragraph No. 56 of the Class Action Complaint.

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CLAIMS

## FIRST CAUSE OF ACTION:

*Fair Credit Reporting Act (Named Plaintiff and Nationwide Class)*
*15 U.S.C. § 1681e(b)*

**COMPLAINT ¶57:**

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

First Advantage restates its answers to Paragraphs Nos. 1 through 56 of the Class Action Complaint as its answer to Paragraph No. 57 of the Class Action Complaint.

**COMPLAINT ¶58:**

At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

**ANSWER:**

First Advantage admits that it is a "person" under the FCRA and further admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only. First Advantage denies the remaining allegations in Paragraph No. 58 of the Class Action Complaint.

**COMPLAINT ¶59:**

At all times pertinent hereto, the Named Plaintiff and Class Plaintiffs were "consumers" as that term is defined by 15 U.S.C. § 1681a(c).

**ANSWER:**

First Advantage admits that Plaintiff is a "consumer" under the FCRA.  First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 59 of the Class Action Complaint.

**COMPLAINT ¶60:**

At all times pertinent hereto, the above-mentioned background report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 60 of the Class Action Complaint.

18

1

**COMPLAINT ¶61:**

2

     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for

3

willfully and negligently failing to comply with the requirements imposed on a consumer reporting

4

agency pursuant to 15 U. S .C. § 1681e(b).

5

**ANSWER:**

6

     First Advantage denies the allegations in Paragraph No. 61 of the Class Action Complaint.

7

**COMPLAINT ¶62:**

8

     Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in bringing

9

about the serious injuries, actual damages and harm to Plaintiff as outlined more fully above and, as a

10

result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages,

11

along with the attorney's fees and the costs of litigation, as well as such further relief, as may be

12

permitted by law.

13

**ANSWER:**

14

     First Advantage denies the allegations in Paragraph No. 62 of the Class Action Complaint.

15

### SECOND CAUSE OF ACTION:

16

*Consumer Credit Reporting Agencies Act (Named Plaintiff and California Class)*
*Cal. Civ. Code § 1785.14(b)*

17

**COMPLAINT ¶63:**

18

     Plaintiff incorporates all foregoing paragraphs as though the same were set forth at length herein.

19

**ANSWER:**

20

     First Advantage restates its answers to Paragraphs Nos. 1 through 62 of the Class Action

21

Complaint as its answer to Paragraph No. 63 of the Class Action Complaint.

22

**COMPLAINT ¶64:**

23

     At all times pertinent hereto, Defendant was a "person" and a "consumer credit reporting

24

agency" as those terms are defined by Cal. Civ. Code §§ 1785.3(j) and (d).

25

26

27

28

DEFENDANT FIRST ADVANTAGE BACKGROUND SERVICES CORP.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

**ANSWER:**

First Advantage admits that it is a "person" under the CCRAA and that some of its business activities make it a "consumer credit reporting agency" under the CCRAA as to those activities only. First Advantage denies the remaining allegations in Paragraph No. 64 of the Class Action Complaint.

**COMPLAINT ¶65:**

At all times pertinent hereto, the Named Plaintiff and Class Plaintiffs were "consumers" as that term is defined by Cal. Civ. Code § 1785.3(b).

**ANSWER:**

First Advantage admits that Plaintiff is a "consumer" under the CCRAA.  First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 65 of the Class Action Complaint.

**COMPLAINT ¶66:**

At all times pertinent hereto, the above-mentioned background report was a "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(b).

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 66 of the Class Action Complaint.

**COMPLAINT ¶67:**

Pursuant to Cal. Civ. Code § 1785.14(b), Defendant is liable for violating the CCRAA by failing to follow reasonable procedures to assure "maximum possible accuracy" of the reports it sold. Specifically, Defendant sold consumer reports attributing criminal backgrounds to consumers when the public records of such consumers contained relevant expungement records.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 67 of the Class Action Complaint.

### THIRD CAUSE OF ACTION:

*Investigative Consumer Reporting Agencies Act (Named Plaintiff and California Class)*
*Cal. Civ. Code § 1786.20(b)*

**COMPLAINT ¶68:**

Plaintiff incorporates the foregoing paragraphs as though same were set forth at length herein.

1    **ANSWER:**

2        First Advantage restates its answers to Paragraphs Nos. 1 through 67 of the Class Action

3    Complaint as its answer to Paragraph No. 68 of the Class Action Complaint.

4    **COMPLAINT ¶69:**

5        At all times pertinent hereto, Defendant was a "person" and an "investigative consumer reporting

6    agency" as those terms are defined by Cal Civ. Code § 1786.2(a) and (d).

7    **ANSWER:**

8        First Advantage admits that it is a "person" under the ICRAA and that some of its business

9    activities make it an "investigative consumer reporting agency" under the ICRAA as to those activities

10   only.  First Advantage denies the remaining allegations in Paragraph No. 69 of the Class Action

11   Complaint.

12   **COMPLAINT ¶70:**

13       At all times pertinent hereto, the Named Plaintiff and Class Plaintiffs were "consumers" as that

14   term is defined by Cal Civ. Code § 1786.2(b).

15   **ANSWER:**

16       First Advantage denies the allegations in Paragraph No. 70 of the Class Action Complaint.

17   **COMPLAINT ¶71:**

18       At all times pertinent hereto, the above-mentioned background report was an "investigative

19   consumer report" as that term is defined by Cal Civ. Code § 1786.2(c).

20   **ANSWER:**

21       First Advantage denies the allegations in Paragraph No. 71 of the Class Action Complaint.

22   **COMPLAINT ¶72:**

23       Pursuant to Cal. Civ. Code § 1786.20(b), Defendant is liable for violating the ICRAA by failing

24   to follow reasonable procedures to assure "maximum possible accuracy" of the reports it sold.

25   Specifically, Defendant sold consumer reports attributing criminal backgrounds to consumers when the

26   public records of such consumers contained relevant expungement records.

27   **ANSWER:**

28        First Advantage denies the allegations in Paragraph No. 72 of the Class Action Complaint.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FOURTH CAUSE OF ACTION:

*Investigative Consumer Reporting Agencies Act (Named Plaintiff and California Class)*
*Cal. Civ. Code § 1786.18(c)*

### COMPLAINT ¶73:

Plaintiff incorporates the foregoing paragraphs as though same were set forth at length herein.

### ANSWER:

First Advantage restates its answers to Paragraphs Nos. 1 through 72 of the Class Action Complaint as its answer to Paragraph No. 73 of the Class Action Complaint.

### COMPLAINT ¶74:

Pursuant to Cal. Civ. Code § 1786.18(c), Defendant is liable for violating the ICRAA because Defendant furnishes investigative consumer reports that include information that is a matter of public record and that relates to arrests, indictments, convictions, civil judicial actions, tax liens, or outstanding judgments, without first verifying the accuracy of such information during the 30-day period ending on the date on which the reports were furnished.

### ANSWER:

First Advantage denies the allegations in Paragraph No. 74 of the Class Action Complaint.

## FIFTH CAUSE OF ACTION:

*Investigative Consumer Reporting Agencies Act (Named Plaintiff and California Class)*
*Cal. Civ. Code § 1786.28(b)*

### COMPLAINT ¶75:

Plaintiff incorporates the foregoing paragraphs as though same were set forth at length herein.

### ANSWER:

First Advantage restates its answers to Paragraphs Nos. 1 through 74 of the Class Action Complaint as its answer to Paragraph No. 75 of the Class Action Complaint.

### COMPLAINT ¶76:

Pursuant to Cal. Civ. Code § 1786.28(b), Defendant is liable for violating the ICRAA because Defendant furnishes consumer reports for employment purposes, for which Defendant compiles, collects, assembles, evaluates, reports, transmits, transfers, or communicates items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's

ability to obtain employment but Defendant fails to maintain strict procedures designed to insure that, whenever public record information that is likely to have an adverse effect on a consumer's ability to obtain employment is reported, it is complete and up to date.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 76 of the Class Action Complaint.

### SIXTH CAUSE OF ACTION:

*Unfair Competition Law (Named Plaintiff and California Class)*
*Cal. Bus. & Prof. Code § 17200*

**COMPLAINT ¶77:**

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

First Advantage restates its answers to Paragraphs Nos. 1 through 76 of the Class Action Complaint as its answer to Paragraph No. 77 of the Class Action Complaint.

**COMPLAINT ¶78:**

Defendant was required to adhere to the requirements of the California Unfair Competition Law (UCL).

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 78 of the Class Action Complaint.

**COMPLAINT ¶79:**

Defendant's inaccurate reporting and inaccurate disclosures constituted unlawful, unfair, and fraudulent business practices.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 79 of the Class Action Complaint.

**COMPLAINT ¶80:**

Defendant's practices were unfair because it is unethical, immoral, unscrupulous, oppressive, and substantially injurious to consumers to match them to records of bankruptcy based on insufficient criteria which ignores publicly available personal identifiers that would disqualify a match, to

disseminate inaccurate bankruptcy information to third parties, and to withhold this information from consumers who request it.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 80 of the Class Action Complaint.

**COMPLAINT ¶81:**

The harm caused by these business practices vastly outweighs any legitimate utility they possibly could have.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 81 of the Class Action Complaint.

**COMPLAINT ¶82:**

Because Plaintiff and the Class will seek employment in the future, there is a real and immediate threat that Plaintiff will suffer the same injury in the future.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 82 of the Class Action Complaint.

**COMPLAINT ¶83:**

Plaintiff and the Class are entitled to injunctive relief, restitution, and to the recovery of attorneys' fees and costs.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 83 of the Class Action Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)    An order certifying this action as a Plaintiff class under Cal. Rule 3.764 as set forth herein;

(b)    Statutory damages;

(c)    Actual damages;

(d)    Punitive damages;

(e)    Reasonable attorneys' fees, and costs of investigation and litigation, under 15 U.S.C. §§ 1681n and 1681o, Cal. Civil Code § 1785.31, Cal. Civil Code § 1786.50(a)(2), and C.C.P. § 1021.5

(f)    Appropriate injunctive relief; and

(g)    Such other and further relief as may be necessary, just and proper.

**ANSWER:**

These allegations constitute a prayer for relief requiring neither an admission nor a denial by First Advantage.  To the extent an answer is required, First Advantage denies that Plaintiff and all other individuals whom Plaintiff purports to represent are entitled to any relief whatsoever.

### JURY TRIAL DEMANDED

Plaintiff demands trial by jury on all issues.

**ANSWER:**

First Advantage admits that Plaintiff demands trial by jury on all issues.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

First Advantage is not subject to general or specific jurisdiction in this Court as to any claims asserted by putative class members who do not reside in California and whose claims relate to activities that First Advantage did not conduct in or direct at California.  First Advantage is neither incorporated nor headquartered in California, and the alleged conduct giving rise such claims occurred outside of and was not directed at California.

### SECOND DEFENSE

This Court is not the proper venue as to the claims brought by putative class members who do not reside in California and whose claims relate to activities that First Advantage did not conduct in or direct at California.

### THIRD DEFENSE

Facially and as applied, the FCRA violates the First Amendment to the U.S. Constitution by imposing unconstitutional content-, viewpoint-, and speaker-based restrictions on speech.  Such regulations of speech are presumptively unconstitutional and can be upheld only in narrowly tailored circumstances not present in this action.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FOURTH DEFENSE

Under the Supremacy Clause of the U.S. Constitution, federal law regarding the meaning of "conviction" preempts state law to the contrary.

## FIFTH DEFENSE

To the extent a putative class member knew or should have known of his claims two years before the filing of Plaintiff's Class Action Complaint, the putative class member's claims against First Advantage are barred, in whole or in part, by the applicable statute of limitations.

## SIXTH DEFENSE

Plaintiff and the putative class members are not entitled to punitive damages because First Advantage engaged in good faith efforts to comply with the FCRA, the CCRAA, and the ICRAA, First Advantage's reading of its obligations under the FCRA , the CCRAA, and the ICRAA is and was objectively reasonable, and any purported violation was not willful.

## SEVENTH DEFENSE

To the extent Plaintiff or any putative class member has failed to mitigate his or her damages, any recovery should be reduced or eliminated.

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Esther Slater McDonald*
    Esther Slater McDonald
    Attorney for Defendant
    FIRST ADVANTAGE BACKGROUND SERVICES CORP.

Date: January 18, 2023

DEFENDANT FIRST ADVANTAGE BACKGROUND SERVICES CORP.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT